COURT OF CHANCERY
OF THE
STATE OF DELAWARE

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted:  September 8, 2023
Date Decided:  September 25, 2023

Christopher Viceconte, Esquire
Jennifer M. Rutter, Esquire
Gibbons P.C.
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

C. Barr Flinn, Esquire
Paul J. Loughman, Esquire
Alberto E. Chávez, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

> Re:    *Osterjung, LLC v. Newmark S11 GP, LLC et al.*,
>        C.A. No. 2020-0502-PAF

Dear Counsel:

This action was filed on June 23, 2020, as a confidential filing under Court of Chancery Rule 5.1.  Dkt. 1.  The action was dismissed on December 21, 2020, pursuant to a stipulated order of dismissal.  Dkt. 21.

On August 9, 2023, the Register in Chancery filed a notice to the parties under Court of Chancery Rule 5.1(g) advising that the documents filed confidentially in this action are required to be unsealed three years after disposition of the action.  Dkt. 22.  The notice further informed the parties that any documents in this action will be released from confidential treatment unless the parties file an application for continued confidential treatment.  *Id*.  In accordance with Rule 5.1(g), the notice further instructed the parties that any motion for continued confidential treatment

"must be made within 30 days of the date of th[e] notice." *Id*.; *see* Ct. Ch. R. 5.1(g)(2) ("Any person seeking continued Confidential Treatment must move for continued Confidential Treatment within 30 days after the filing of the Register in Chancery's Notice.").

On September 8, 2023, Defendant Newmark S11 GP, LLC and Nominal Defendant Spring11 Holdings, L.P. ("Defendants"), filed a motion seeking continued confidential treatment of three documents (the "Motion"). Dkt. 23. The Motion was unaccompanied by any exhibits.

Court of Chancery Rule 5.1(g) provides that confidential treatment afforded to any document filed in a civil action "shall expire three years after the final disposition of the civil action," unless a person seeking continued confidential treatment makes a proper application to the court. Ct. Ch. R. 5.1(g). That application must be in the form of a motion, and the movant "must demonstrate that the particularized harm from public disclosure of the Confidential information in the Confidential Filing clearly outweighs the public interest in access to Court records." Ct. Ch. R. 5.1(g)(2). To meet its burden, the movant "must file . . . *affidavits* providing an evidentiary basis for the particularized harm on which the movant relies for each document for which continued Confidential Treatment is sought." *Id*. (emphasis added).

Defendants' Motion was not accompanied by any affidavit providing an evidentiary basis for the particularized harm that would result from releasing the filings in this case from confidential treatment. Accordingly, the motion for continued confidential treatment is denied. All filings in this action shall be made available for public inspection on December 22, 2023.

IT IS SO ORDERED.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor

PAF/dtw